UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA, and THE STATE OF WISCONSIN, ex rel. DR. TOBY TYLER WATSON,<br><br>                    Plaintiffs,<br><br>v.<br><br>JENNIFER KING-VASSEL, CAPS CHILD & ADOLESCENT PSYCHOLOGICAL SERVICES, and ENCOMPASS EFFECTIVE MENTAL HEALTH SERVICES, INC.,<br><br>                    Defendants. | Case No. 11-CV-236-JPS<br><br><br><br><br><br>ORDER |

      The Court dismissed this *qui tam* action at the summary judgment stage on October 23, 2012. (Order (Docket #59)). In its summary judgment decision, the Court ordered that counsel for plaintiff Dr. Toby Watson pay the reasonable attorneys' fees expended by defendant Encompass Effective Mental Health Services, Inc. ("Encompass"), in preparation of its Brief in Support (Docket #34) and Reply Brief (Docket #51) on the motion for summary judgment. (Order 21–22). The Court found that counsel Rebecca Gietman acted in an objectively unreasonable manner in refusing to dismiss Encompass from the suit prior to the summary judgment stage of the proceedings. (Order 17–18).

      Having ordered attorneys' fees, the Court directed that Encompass file documentation of those fees it expended in preparation of its Brief in Support and Reply Brief not later than November 8, 2012. (Order 22). The Court also provided Ms. Gietman the opportunity to file objections to those requested

fees. (Order 22). In accordance with the Court's directive, Ms. Gietman was to submit her objections not later than November 29, 2012. (Order 22).

Encompass then timely filed its proposed fees on November 7, 2012. (Billing Summary (Docket #64, Ex. 1); Fee Statement (Docket #64, Ex.2)). Ms. Gietman, however, did not file any objections to those fees by the November 29, 2012, cutoff date to do so. Instead, she waited to file her objections until December 14, 2012. (Fee Obj's (Docket #75)). Encompass then filed a Motion to Strike those late-filed objections (Mot. Strike (Docket #76); Br. in Supp. (Docket #77)), to which Ms. Gietman has now responded (Resp. (Docket #79)). On January 7, 2013—more than three weeks after late-filing her objections, and more than five weeks after the initial due date for those objections—Ms. Gietman filed a Motion for Enlargement of Time to file her objections to Encompass' fee proposal. (Mot. Enlarge (Docket #80)).

The Court had originally believed that, in deciding the reasonable amount of fees to award Encompass, it would need to address only the Encompass' fee proposal and Ms. Gietman's objections. Unfortunately, due to Ms. Gietman's failure to comply with the Court's prior Order, the Court now finds it necessary to address two additional motions.

The Court must first unravel the knotty mess of those two motions before it can turn to its fees determination.

1.  MOTION FOR ENLARGEMENT OF TIME AND MOTION TO STRIKE

Turning first to Ms. Gietman's Motion for Enlargement of Time, the Court has reviewed Ms. Gietman's submission and will deny that motion. Ms. Gietman, in a separate brief to the Court, argues that the Court should extend her time to file under Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure. (Resp. 2). She asserts that her late submission was due to

excusable neglect, as she was out of town at the time the Court issued its Order and incorrectly entered the objections due date into her calendar; she further points out that "her office has been in a state of flux." (Resp. 2; Gietman Decl. (Docket #79, Ex. 1) ¶¶ 3–5).

Everyone makes mistakes. Undoubtedly, even this Court has mis-calendered an event in the past. The Court typically has sympathy for such mistakes…*if* they are timely addressed. For example, the Court would entertain a motion to enlarge if Ms. Gietman had promptly filed such a motion after missing the deadline to file her objections. Even if she had missed the deadline by several weeks, the Court would, at minimum, give such a motion due consideration.

But that is not the case here. Rather, Ms. Gietman filed her objections more than two weeks late and without leave of the Court. That is bad enough on its own, but that is not the full extent of Ms. Gietman's failures. After missing the deadline, she waited an additional three weeks to file her Motion for Enlargement.

Of the small subset of lawyers who must file items late, for whatever reason, most do not miss a deadline by two weeks. And, of that smaller subset of lawyers who file items two weeks late, the Court cannot imagine that many would do so without leave of the Court at the time of filing. And, of that even smaller subset of lawyers who file two weeks late without leave, the Court cannot begin to fathom one that would allow an opposition's motion to strike for untimely filing go past, *still* without immediately filing a motion for enlargement. And, of that yet even more infinitesimal subset of lawyers who file two weeks late without leave and still do not file a motion to enlarge following a motion to strike for untimely filing, the Court can

Page 3 of 10

Case 2:11-cv-00236-JPS    Filed 01/22/13    Page 3 of 10    Document 86

hardly conceive of a lawyer who would then wait three weeks to file a motion to enlarge.

Yet that is precisely what Ms. Gietman has done. Thus, while there may be times when it is excusable neglect for an individual to mis-calendar an event, that is certainly not the case here. Ms. Gietman has not only drifted past her deadline by what—in and of itself—would perhaps be an inexcusable amount of time, but she has also failed to file a motion to enlarge at several junctures where such a motion would have been extremely logical to file (before filing her objections, at the time of filing her objections, or immediately after Encompass filed its Motion to Strike).

Thus, the Court will deny her Motion for Enlargement.[1] Of course, this is a largely symbolic gesture. Ms. Gietman has already electronically filed her objections, and the Court cannot go back in time to prevent her from doing so.

Therefore, the question becomes whether the Court should strike Ms. Gietman's objections, as Encompass proposes in its Motion to Strike.

The Court determines that it should not. The Court is, perhaps, just as frustrated with Ms. Gietman's conducts as Encompass. The Court also appreciates the Seventh Circuit's observation that "[s]wift compliance [with

---

[1]The Court notes here, parenthetically, that it has received Encompass' response to Ms. Gietman's Motion for Enlargement. (Docket #83). In that response, Encompass requests additional fees and costs incurred in the preparation of the response. (Resp. to Mot. Enl. 6). The Court well appreciates Encompass' frustrations; nonetheless, in the end it would be an unwise exercise of the Court's discretion to award these additional fees and costs. As discussed below, the Court's award of fees against Ms. Gietman is already quite significant, to a point that any additional award would be unduly punitive. In retrospect, counsel for Encompass might have sought leave to be excused from filing a response which, under the circumstances, would have been granted.

the Court's Order] is especially important when the genesis of the adverse ruling is misconduct in the litigation; refusal to make amends compounds the infraction." *Cleveland Hair Clinic, Inc. v. Puig*, 106 F.3d 165, 168 (7th Cir. 2000). Indeed, under Seventh Circuit law, the Court may very well determine that Ms. Gietman entirely waived any objection to Encompass' fee proposal. *Cleveland Hair Clinic, Inc. v. Puig II*, 200 F.3d 1063, 1068. Nonetheless, the Court does not wish to issue an award against Ms. Gietman that would be unduly punitive to the point it would cripple her ability to practice. Therefore, before issuing a substantial award against her, the Court wishes to exhaustively review the parties' submissions to best determine the amount that would have been reasonably expended by Encompass in preparing its Brief in Support and Reply. Though Ms. Gietman's objections were (extremely) untimely submitted, they are relevant to that determination. As such, the Court will not strike Ms. Gietman's objections, and will deny Encompass' Motion to Strike.

2.  REASONABLE AWARD OF ATTORNEYS' FEES

The Court begins is reasonableness determination by pointing out that it has previously found that Ms. Gietman should have dismissed Encompass before Encompass was required to submit its Brief in Support or its Reply. (Order 17–18). Therefore, the Court found that all of the fees expended by Encompass in preparing those documents were excessive as the result of Ms. Gietman's unreasonable and reckless failure to dismiss Encompass from the suit, despite notice of the frivolous nature of those claims, evincing indifference to the controlling law. (Order 17–18). Therefore, Ms. Gietman is liable for those fees under 28 U.S.C. § 1927. (Order 17–18).

That liability, however, is limited by two things: first, as noted above and in 28 U.S.C. § 1927, it must be limited to expenses incurred in responding to the multiplicative proceedings—in this case, the preparation of the Brief in Support and Reply; and, second, it must be limited to a "reasonable" fee, as ordered by the Court (Order 21).

All of Ms. Gietman's objections relate squarely to the former limitation. That is, Ms. Gietman objects only to the nature of the work for which Encompass claims fees. (Fee Obj's). She does not dispute any of the rates at which those fees were calculated, nor would the Court conclude that those rates were unreasonable given their general coordination with market rates, even if Ms. Gietman had objected to them.

Therefore, at the outset, the Court notes that it accepts the hourly rates submitted by Encompass as being reasonable.

However, the Court agrees with Ms. Gietman that some of the hours expended should not be included in the fee against her, as they are unrelated to Encompass' Brief in Support and Reply. The Court's Order awarding fees specified that such fees were to relate to Encompass' Brief in Support of its motion for summary judgment and reply brief regarding summary judgment. (Order 21–22). A number of Encompass' claimed fees do not fall under that umbrella, specifically those relating to the parties' submissions on the motions to dismiss Encompass (Docket #40, #49, #54). If Ms. Gietman had dismissed Encompass at an appropriate time, the parties would still have needed to engage in the formal process of having Encompass dismissed from the case. Accordingly, Encompass' efforts in dealing with those matters was not multiplicative, and, therefore, fees against Ms. Gietman for those efforts would be inappropriate. As such, the Court must dock Encompass' requested

fees for entries related to the dismissal motions. Some entries contain work on matters related to the dismissal motions, as well as other things. In such cases, the Court will dock what it believes to be a reasonable amount spent on the dismissal motions and leave intact the remainder of fees. It will dock the fees in the following amounts for the listed entries:

| Date | Individual's Hours Docked | | | |
|---|---|---|---|---|
| | JCG | KAK | EIL | PJK |
| 8/13/12 | .3 | .5 | .2 | 1.0 |
| 8/17/12 | .2 | | .3 | |
| 8/20/12 | .8 | | .3 | 2.2 |
| 8/24/12 | | | | .5 |
| 9/06/12 | | | | .5 |
| 9/11/12 | .2 | .4 | | .2 |
| *TOTAL (hrs)* | *1.5* | *.9* | *.8* | *4.4* |
| *Hourly Rate* | *$125* | *$300* | *$200* | *$350* |
| *TOTAL (fee)* | *$187.50* | *$270.00* | *$160.00* | *$1,540.00* |
| | | | *GRAND TOTAL* | *$2,157.50* |

Moreover, while fees expended in the preparation of a fee petition are generally recoverable, the Seventh Circuit has viewed approximately two hours to be a reasonable number of hours to expend thereon. *Batt v. Micro Warehouse, Inc.*, 241 F.3d 891, 894–95 (7th Cir. 2001) (affirming docking of fee in preparation of fee petition to 2 hours, and citing *Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 554 (7th Cir. 1999) and *Kurowski v. Krajewski*, 848 F.2d 767, 776 (7th Cir. 1988), both of which allowed only 1.6 hours in preparation of fee petition). Here, three individuals charged a total of 8.7 hours to prepare

the fee petition—an unreasonable amount of hours. The Court will, therefore, dock the entire number of hours asserted by both Attorney Keppel and Attorney Knight, leaving the much more reasonable number of hours worked by S.A. Lant intact. Therefore, the Court will dock an additional $2,425.00 of claimed fees from Encompass' final tally.

However, the remainder of Encompass' claimed expenses do qualify to be reimbursed by Ms. Gietman. Encompass' preparation on the fees issue falls under the umbrella of fees authorized by the Court. The Court awarded fees expended in preparation of Encompass' reply brief, which included Encompass' Motion for Fees. (Mot. Fees (Docket #51); Reply (Docket #52)). Moreover, Ms. Gietman's own actions begot Encompass' efforts to seek fees.

Thus, the Court's final tally—Encompass' initial $30,619.56 submission, less the excluded $2,157.50 and $2,425.00—comes out to $26,037.06. Ms. Gietman will be responsible for that entire amount.

The Court notes, here, that it genuinely feels sympathy for Ms. Gietman's situation and wishes that such an award against her were unnecessary. Were this an award of sanctions, the Court likely would not impose so harsh a figure against her. The award of over $25,000 seems almost ruinous for an individual to be responsible for paying. *But*, Ms. Gietman failed to dismiss Encompass at a reasonable time. And that failure caused Encompass—which, itself, is no mega-corporation for which legal fees are an afterthought—to pay a huge amount just to fight an ultimately frivolous lawsuit. Thus, while the Court hesitates somewhat to impose Encompass' attorneys fees upon Ms. Gietman, the costs must lie somewhere; and, between Encompass and Ms. Gietman, Encompass is the far-more-blameless party. Any hesitation the Court may feel is ultimately overborne by the need

to reimburse Encompass the legal fees it expended in fighting a lawsuit that should have been dismissed by Ms. Gietman long before it was necessary to accrue more than $30,000 in legal fees.

Nonetheless, the Court will direct that Ms. Gietman confer with attorneys for Encompass to determine whether there is some possibility for a structured payment of this fee award or some other action that Ms. Gietman may take to lessen the brute force of the award against her. Ms. Gietman and counsel for Encompass should consult with one another, after which they should file a joint letter confirming that such meeting occurred and that the parties, in good faith, attempted to reach a compromise to lessen the burden of the award against Ms. Gietman.

Last—and certainly not least—the Court also must warn Ms. Gietman of the danger associated with conduct such as she has exhibited in this case. By itself, ignoring all of her other conduct in this case, Ms. Gietman's late-filing of her objections and other associated submissions is sanctionable under the Court's inherent powers. *Tucker v. Williams*, 682 F.3d 654, 661–62 (7th Cir. 2012) (citing *Chambers*, 501 U.S. at 55; *Cleveland Hair Clinic, Inc. v. Puig*, 200 F.3d 1063, 1066 (7th Cir. 2000); *Salmeron v. Enter. Recovery Sys., Inc.*, 579 F.3d 787, 793 (7th Cir. 2009); *Maynard v. Nygren*, 332 F.3d 462, 470–71 (7th Cir. 2003); *Runfola & Assoc., Inc v. Spectrum II, Inc.*, 88 F.3d 368, 375 (6th Cir. 1996); *Gillette Foods Inc. v. Bayernwald-Fruchteverwertung, GmbH*, 977 F.2d 809, 813–14 (3d Cir. 1992); *Schmude v. Sheahan*, 420 F.3d 645, 650 (7th Cir. 2005); *Zapata Hermanos Sucesores, S.A. v. Hearthside Baking Co., Inc.*, 313 F.3d 385, 391 (7th Cir. 2002)). Such conduct caused undue confusion and wrangling by Encompass and the Court. The Court has resisted imposing sanctions for that

conduct only because of the substantial fee award it is now imposing against Ms. Gietman.

Accordingly,

IT IS ORDERED that Ms. Gietman shall pay to defendant Encompass Effective Mental Health Services, Inc., the sum of $26,037.06, in satisfaction of the Court's award of attorneys' fees to Encompass (Docket #59);

IT IS FURTHER ORDERED that Ms. Gietman shall confer with counsel for Encompass to determine whether there is some mutually satisfactory plan under which Ms. Gietman may make payments on the judgment against her, or whether there is some other arrangement that can be made by the parties to lessen the burden of such award upon her, and Ms. Gietman and Encompass shall file a joint letter informing the Court of their efforts in this regard not later than February 15, 2013;

IT IS FURTHER ORDERED that Encompass' Motion to Strike (Docket #76) be and the same is hereby DENIED; and

IT IS FURTHER ORDERED that Ms. Gietman's Motion to Enlarge (Docket #80) be and the same is hereby DENIED.

Dated at Milwaukee, Wisconsin, this 22nd day of January, 2013.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge

Page 10 of 10

Case 2:11-cv-00236-JPS   Filed 01/22/13   Page 10 of 10   Document 86